# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT
JUN 6, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

Atapana Atuatasi,

    Plaintiff,

v.

Securitas Security Servs. USA, Inc.,

    Defendant.

LA 18-cv-2786-VAP (PLAx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DOC. NO. 8)**

On April 26, 2018, Plaintiff Atapana Atuatasi filed a Motion to Remand. (Doc. No. 8; hereinafter "Motion.") Defendant Securitas Security Services USA, Inc. ("Securitas") filed an Opposition on May 14, 2018. (Doc. No. 12.) Atuatasi filed his Reply on May 21, 2018. (Doc. No. 14.)

After consideration of all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the June 4, 2018 hearing, the Court GRANTS the Motion.

## I. BACKGROUND

On February 13, 2018, Plaintiff filed a lawsuit in the Superior Court of California for the County of Los Angeles against Defendant. (Doc. No. 1-1.) Plaintiff alleges that he worked for Defendant as a non-exempt security guard until 2014 without regular meal and rest breaks or overtime compensation as required by the California Labor Code. (Doc.

1

No. 1-1, ¶¶ 11, 17, 20, 23.)  Plaintiff asserts five claims: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to provide accurate wage statements; (4) violation of the California Unfair Competition Law ("UCL"); and (5) failure to pay overtime compensation.  (See generally Doc. No. 1-1.)

On April 4, 2018, Defendant removed this action to this Court.  (Doc. No. 1 at 1.) According to Defendants, Plaintiff's claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because Plaintiff's employment is covered by a Collective Bargaining Agreement ("CBA").  (Doc. No. 1 at 3.)  Plaintiff now seeks remand, claiming that removal was improper.  (Doc. No. 12.)

## II.  LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441 et seq.; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)).  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  Removal is appropriate only when the district court would have original jurisdiction over the case.  See 28 U.S.C. § 1441(a).  If it lacks subject matter jurisdiction, the district court must remand the case to state court.  See 28 U.S.C. § 1447(c); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action").  Under the "well-pleaded complaint"

rule, a plaintiff can prevent removal by pleading only state law claims and ignoring federal claims. Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996).

However, the "artful pleading" doctrine is an exception to the well-pleaded complaint rule. Under that exception, a plaintiff cannot disguise or plead artfully a federal claim as a state cause of action. Id. (citing Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984)). A court may recharacterize an artfully pleaded state law claim as a federal claim and uphold removal. Id. State law claims that are completely preempted are subject to the "artful pleading" doctrine. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

## III. DISCUSSION[1]

Section 301(a) of the LMRA gives federal courts subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "The preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law . . . ." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for So. Cal., 463 U.S. 1, 23 (1983), superseded by statute on other grounds, 28 U.S.C. § 1441(e). This preemptive

---

[1] Plaintiff failed to meet and confer with Defendant before filing this motion. The Court admonishes Plaintiff to comply with the Local Rules. See Local Rule 7-3 ("counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."). Nevertheless, because of the Court's preference to resolve motions on the merits, it declines to deny the motion on this basis.

effect extends beyond suits for violations of a collective bargaining agreement. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985). Thus, a state law claim is preempted if it is "inextricably intertwined" with the labor contract. Id. at 213

Claims that seek to vindicate a "nonnegotiable state-law right[] . . . independent of any right established by contract" are not within the scope of § 301. Id. at 213. If state law creates a right that cannot be waived or modified by a private contract and that right can be enforced without reference to the particular terms of the contract, § 301 does not preempt the claim. Miller v. AT & T Network Sys., 850 F.2d 543, 546 (1988). Similarly, a "hypothetical connection between the claim and the terms of the CBA" does not result in § 301 preemption. Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc). Nor is preemption warranted "simply because the court may have to consult the CBA [or] 'look[] to' the CBA merely to discern that none of its terms is reasonably in dispute." Id. at 692.

The Ninth Circuit has articulated a two-part test to determine whether a state law claim is pre-empted by § 301. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." Id. However, if "the right exists independently of the CBA," the claim is preempted by § 301 only if "[the claim] is nevertheless 'substantially dependent on analysis of a [CBA].'" Id. (quoting Caterpillar, 482 U.S. at 394).

## A. Whether Plaintiff's Claims Assert State-Law Rights

Plaintiff argues that his first, second, and fifth claims for failure to provide meal and rest breaks and overtime compensation are not preempted by the LMRA because those claims are based on state-law rights granted by the California Labor Code. (Doc. No. 8, at 6–7.) Defendant responds that the Labor Code requirements do not apply to Plaintiff's claims because it satisfies statutory exemptions to those requirements. (See Doc. No. 12, at 8, 10–11.) Because the Labor Code requirements do not apply, Defendant asserts that Plaintiff's claims can only arise from the CBA, and Plaintiff's claims are preempted under the first prong of Burnside.

California law requires employers to provide employees with an off-duty meal period every five hours (see Cal. Lab. Code § 512(a)) and overtime compensation at premium wage rates for hours worked in excess of eight hours a day and forty hours a week (see Cal. Lab. Code § 510). However, the Labor Code also contains provisions exempting certain employees from those requirements. In particular, § 512(e) exempts classes of employees from the meal period requirements of § 512(a) if:

> (1) The employee is covered by a valid collective bargaining agreement [and]
>
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 512(e). Section 512(f) limits the § 512(e) exemption to, *inter alia*, "employee[s] employed in the security services industry as a security officer . . . ." Using nearly identical language, § 514 exempts employees from the overtime compensation

5

requirements if they have a valid collective bargaining agreement. See Cal. Lab. Code § 514.

District courts in the Ninth Circuit have reached different conclusions regarding whether the §§ 512(e) and 514 exemptions require LMRA preemption. In Coria v. Recology, Inc., 63 F. Supp. 3d 1093 (N.D. Cal. 2014), the court held that the LMRA preempted the plaintiff's meal break claim because "the essence of the dispute between the parties" is whether the Labor Code's statutory requirements applied. 63 F. Supp. 3d at 1097, 1099. If the statutory exemption in § 512(e) applies, then § 510 does not apply, and "plaintiff's claimed right to meal periods cannot be said to be based on state law." Id. at 1097. Thus, the court ended the preemption analysis at the first prong of the Burnside test and held that the LMRA preempted the plaintiff's claims. Id.

In Vasserman v. Henry Mayo Newhall Memorial Hospital, 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014), however, the court concluded that § 514 did not require preemption under the LMRA, whether or not it applied. First, the court reasoned that whether § 514 may or may not exempt the plaintiff "does not alter the substance of [the plaintiff's] claim." Id. If § 514 applied, that "simply mean[t] that [the plaintiff] has alleged a claim under a statute she cannot invoke, and under which she is unable to recover." Id. Second, the court also noted that the defendant's reliance on § 514 was "essentially a defense." Thus, § 514 could not give rise to LMRA preemption. Id. (citing Humble v. Boeing Co., 305 F.3d 1004, 1011 (9th Cir. 2002)). Because the CBA at issue was "clear and will not require interpretation to determine if the § 514 exemption applies," the court held that the plaintiff's claim was not preempted. Id. at 958 n.72.

Likewise, in Raphael v. Tesoro Refining & Marketing Co., LLC., No. 2:15-cv-02862-ODW (Ex), 2015 WL 3970293 (C.D. Cal. June 30, 2015) the court held that "simply asserting that one . . . of these exemptions apply as an affirmative defense to litigation cannot suffice as the sole basis for preemption and removal." Id. at 5 (citing Cramer, 255 F.3d at 690). The court noted that determining whether the § 514 exemption applied could require interpretation of the relevant CBAs and that interpretation would in turn preempt the plaintiff's state law claims under the second prong of the Burnside test. Id. at 6. Because Raphael concerned "eight separate CBAs covering [the plaintiff] and the aggrieved employees he seeks to represent" and "a plethora of provisions in need of interpretation," the court found that interpretation of the CBAs was required to determine whether the plaintiffs' claims fell under the § 514 exemption. Id. Accordingly, the court held that the LMRA preempted the plaintiffs' claims.

The Court finds the reasoning of Vasserman and Raphael most persuasive. Plaintiff's claims attempt to assert state-law rights granted by the Labor Code and do not refer to the CBA. If the exemptions apply, Plaintiff may have failed to state a claim, but it does not follow that he must instead be asserting a right granted by the CBA. See Placenia v. Amcor Packaging Distrib., Inc., 2014 WL 2445957 at *2 (C.D. Cal. May 12, 2014) ("If Plaintiff's overtime claim under California law fails, that doesn't mean this Court has jurisdiction, it means [Defendant] wins."). Moreover, Coria is factually distinguishable. In Coria, the plaintiff "appear[ed] to concede that those pre-conditions [for § 512(e)] have been met" and the court found that concession dispositive. 63 F. Supp. 3d at 1097. Here, Plaintiff has made no such concession.

In addition, California courts have consistently treated the statutory exemptions of § 512(e) and 514 as affirmative defenses that must be proven by Defendant. See, e.g.,

7

Araquistain v. Pac. Gas & Elec. Co., 229 Cal. App. 4th 227, 231 (2014) (recognizing that Cal. Lab. Code § 512(e)–(g) are affirmative defenses to a claim for violation of § 512(a)). Allowing Defendant to establish LMRA preemption based solely on those exemptions would be contrary to "settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption . . . ." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000) (quotations omitted), superseded by statute on other grounds; see also Cramer, 255 F.3d at 691 ("[LMRA] preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.").

Accordingly, Plaintiff's claims seek to assert state-law rights, not rights that exist solely as a result of the CBA. The Court will proceed to the second prong of the Burnside test—whether Plaintiff's claims are "substantially dependent" on the terms of the CBA. 491 F.3d at 1060.

## B. Whether Plaintiff's Claims are "Substantially Dependent" on the CBA

State law claims are substantially dependent on the CBA when they require the court to interpret, rather than to "look to" the CBA. Burnside, 491 F.3d at 1060. "[T]he 'look to'/'interpret' distinction is 'not always clear or amenable to a bright line test.'" Id. (quoting Cramer, 255 F.3d at 691). "Looking" to the CBA to discern that its terms are not reasonably in dispute and referring to the CBA to refer to wage rates in computing a penalty is not enough to warrant preemption. Id. (citing Livadas v. Bradshaw, 512 U.S. 107, 125 (1994)). Similarly, a "hypothetical connection between the claim and the terms of the CBA" is not enough. Id. Nor is "look[ing] to the CBA to determine whether it

contains a clear and unmistakable waiver of state law rights" sufficient to trigger LMRA preemption. Id.

In contrast, the LMRA preempts overtime compensation claims when the CBA requires interpretation to calculate the premium wage rate. For example, in Firestone v. Southern California Gas Company, 219 F.3d 1063 (9th Cir. 2000), a group of meter readers sued for overtime compensation. Under their CBA, the plaintiffs normally received flat sums for reading meters on their assigned routes and "received an adjustment to the flat sum normally paid" when working overtime. Id. at 1065. Although the CBA contained a formula to determine the number of overtime hours, the defendant in Firestone calculated overtime pay differently. Id. at 1065–66. As a result, the court had to interpret the CBA to determine whether the defendant's calculation method complied with the CBA and whether the CBA actually provided premium wages for overtime in accordance with § 514. Id. at 1066–67.

Here, the CBA is clear and does not require interpretation. Article 9 of the CBA provides the hourly rates for all of Defendant's employees. (Doc. No. 1-6, at 9–10.) Section 10.1 of the CBA provides that "[a]ll work performed in excess of forty (40) hours in one (1) workweek shall constitute overtime and shall be paid for at the rate of time and one-half (1½) the employee's hourly rate. (Doc. No. 1-6, at 10–11.) Section 10.3 also provides that "no employee shall be required to work more than sixteen (16) hours in any twenty-four (24) hour period" without being "paid therefor." (Doc. No. 1-6, at 11.) The CBA also contains a savings clause: "[o]vertime pay rates shall comply with applicable state and federal laws." (Doc. No. 1-6, at 11.) Unlike Firestone, the overtime compensation scheme is straightforward. The CBA does not require interpretation to

determine the appropriate wage rates and premium wage rates for overtime compensation.

Rather, this case is similar to Gregory v. SCIE, LLC, 317 F.3d 1050 (9th Cir. 2003). In Gregory, the plaintiff worked in the entertainment industry and sued for overtime compensation. Id. at 1051. While employed by the defendant, the plaintiff worked on six consecutive days on two different productions in one week. Id. The plaintiff alleged that the defendant violated the Labor Code by failing to pay overtime because the defendant counted overtime hours per project, not in the aggregate. Id. at 1053. The Ninth Circuit concluded that the LMRA did not preempt plaintiff's claim. Id. It rejected the defendant's reliance on § 514 to establish preemption, reasoning that even if § 514 applied, "the question here is . . . whether when overtime is paid under the CBA it is paid for *all overtime hours worked*, as required by California law." Id. (emphasis in original). That was "a question of interpretation of state law, not of the CBA, that we leave to the state court." Id.

So too here. The crux of Plaintiff's claim is that he was required to work over eight hours a day in violation of § 510. (See Doc. No. 1-1, at 19–20.) Under the CBA, Defendant's employees are not entitled to overtime wages when they work over eight hours, but less than sixteen hours as overtime. Rather, the CBA only provides overtime wages for work performed in excess of forty hours a week. (See Doc. No. 1-6, at 11.) Whether the CBA nonetheless satisfied § 514's requirement that the CBA "provides premium wage rates for all overtime hours worked" to qualify for the exemption requires interpretation of state law, not the CBA. Cal. Lab. Code § 514.

Plaintiff's meal and rest break claims are similar. Section 10.5 of the CBA provides that "officers shall be provided a paid, on-duty meal break" consisting of a 30-minute meal period per shift if that shift was less than 10 hours long. For shifts exceeding 10 hours, "[e]mployees . . . shall be entitled to a second 30 minute paid, on-duty meal period." Section 10.5 further provided that "[o]n-duty meal periods shall be considered time worked." (Doc. No. 1-6, at 11.) Section 10.6 of the CBA provides that "[e]mployees shall be provided a rest period of not less than 15 consecutive minutes for each 4 hours worked . . . occurring as near as possible to the middle of the work period." (Doc. No. 1-6, at 11.) Section 10.8 of the CBA also states that "[i]f any state or local law . . . dealing with meal and/or rest periods provides more generous terms to the employee than are provided herein, the state or local law . . . shall prevail." (Doc. No. 1-6, 11.) Like the overtime compensation provisions, these provisions are similarly unambiguous. Contrary to Defendant's contention, there is no need to interpret the CBA to determine when to take a break, how long a break would be, and how the break would be treated in terms of compensation. Defendant also argues that the CBA needs to be interpreted to determine what constitutes a meal period, but that is a question of state law, not contract interpretation.

Finally, Defendant briefly argues that the fact that Plaintiff filed this action before exhausting the CBA's grievance and arbitration procedure implies that Plaintiff believes the CBA procedures do not apply to his claims. Defendant contends that the procedures do apply and concludes that Plaintiff's apparent disagreement introduces an ambiguity that requires interpretation of the CBA to resolve. (See Doc. No. 12, at 16.) This argument is unavailing. As stated above, Plaintiff's claims are based on the Labor Code, not the CBA, and the Labor Code does not require exhaustion of CBA grievance procedures. Thus, there was no need for Plaintiff to exhaust the CBA's procedures

before bringing his state law claims and his failure to do so sheds no light on his interpretation of the CBA. Defendant relies on Raphael and Buck v. Cemex, Inc., 2013 WL 4648579 (S.D. Cal. Aug. 29, 2013), but those cases do not support Defendant's argument. In both cases, the plaintiff argued that the CBA's procedures were inadequate to satisfy § 512(e)'s exemption requirements. See Raphael, 2015 WL 3970293 at *6; Buck, 2013 WL 4648579 at *5–6. Here, Plaintiff makes no such arguments. Rather, Plaintiff contends that his claims are based in the Labor Code, so there was no need for him to exhaust the CBA's grievance procedures. (See Doc. No. 8, at 10.)

In sum, Plaintiff's meal and rest break and overtime compensation claims do not require the Court to interpret the CBA. Because Plaintiff's claims arise from state-law rights and are not "substantially dependent" on the CBA, Plaintiff's claims are not preempted. Accordingly, the Court GRANTS Plaintiff's Motion as to his first, second, and fifth claims.

### C. Preemption of Derivative Claims

Both parties agree that Plaintiff's third and fourth claims for failure to provide accurate wage statements and violation of the UCL are derivative of his other three claims. (See Doc. No. 8, at 9; Doc. No. 12, at 18–19.) Because Plaintiff's first, second, and fifth claims are not preempted by the LMRA, Plaintiff's third and fourth claims are also not preempted. Accordingly, the Court GRANTS Plaintiff's Motion as to his third and fourth claims.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. The Court thus REMANDS this matter to the California Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**

Dated: 6/6/18

Virginia A. Phillips
Chief United States District Judge